IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| : | No. 05-10017-MLW |
| v. : | |
| : | |
| ELMER TEJEDA PORTILLO : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANT'S SENTENCING MEMORANDUM**

The United States, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Nadine Pellegrini, Assistant U.S. Attorney, hereby files this Memorandum of Law in response to the Defendant's Sentencing Memorandum regarding sentencing enhancements as follows:

1.  The superceding indictment charged a violation of 8 U.S.C. §1326(a)(1) and (b)(1), placing the Defendant on notice that the statutory maximum for the crime to which he pled guilty is ten years.

2.  The fact of a prior conviction can be considered by the court as a sentencing enhancement. The fact of the conviction is not required to be alleged within the indictment, nor is it required that such prior conviction be admitted to by Defendant.

3. <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which holds that courts may enhance a sentence based upon prior convictions, has not been overruled by the Supreme Court and its holding is applicable to the facts of this case.

## I. DEFENDANT'S PRIOR FELONY CONVICTIONS CAN BE PROPERLY CONSIDERED BY THE COURT AS SENTENCING ENHANCEMENT

Essentially, all of the Defendant's arguments regarding the use of his prior convictions as a sentencing enhancement are based upon the same faulty premise: that <u>Blakey v. Washington</u>, 542 U.S. 296 (2004); <u>United States v. Booker</u>, 543 U.S. 220 and <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005) require either the pleading of a prior conviction within the Indictment and an admission by the Defendant to such; or the submission to the jury on the issue of the prior conviction if the Defendant does not admit to his prior record. This is not the law and the analysis provided by the Defendant cannot be applied to his case. The First Circuit determined:

> The rational of *Apprendi* and therefore of *Blakey* simply does not affect sentence-enhancement provisions premised upon a defendant's prior criminal convictions. <u>United States v. Stearns</u>, 387 F.3d 104, 107 (1st Cir. 2004), cert. denied, -U.S.-, 125 S.Ct. 1614; <u>United States v. Moore</u>, 286 F.3d 437, 51 (1st Cir 2002). See generally *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (explaining that prior offense need not be alleged in an indictment nor put before a jury.)
>
> In the roiled wake of Booker, it remains the law that previous criminal convictions are not "facts" that must be

2

found by a jury and proved beyond a reasonable doubt.  See United States v. Lewis, 406 F.3d 11, 21 n. 11 (1st Cir. 2005.)

United States v. Work, 409 F.3d 484, 491, n. 1 (2005).

In United States v. Ivery, 427 F.3d 69, (1st Cir. 2005), the First Circuit again addressed the issue: "We have ruled with a regularity bordering on the monotonous that, given the explicit exception and force of Almendarez-Torres, the rational of Apprendi does not apply to sentence-enhancement provisions based upon prior criminal convictions," quoting United States v. Moore, 286 F. 3d 47, 51 (1st Cir. 2002).

The First Circuit went on to reject the same claim raised now by the Defendant: that Shepard stands for the proposition that Almendarez-Torres has been overruled. ("Ivery insists, relying on Justice Thomas's concurrence in Shepard, that Almendarez-Torres is inconsistent with Apprendi and Booker.") The First Circuit firmly stated: "We disagree," noting that "[i]t is not our place to anticipate the Supreme Court's reconsideration of its prior rulings; thus Almendarez-Torres remains binding law that we must apply until overruled by a majority of the Supreme Court." Ivery, 427 F.3d at 75.

**II.  REGARDLESS OF THE APPLICABLE PENALTY SECTION, THE FACT OF A PRIOR CONVICTION IS NOT AN ELEMENT OF 8 U.S.C. 1326(a)**

Defendant's second salvo is a variation of the argument that the rationale of <u>Almendarez-Torres</u> has been overruled. In essence, the Defendant argues that Almendarez-Torres is wholly inapplicable to the case at bar because Almendarez-Torres dealt with a different penalty section. However, the holding of Almendarez-Torres's is an examination of whether or not a prior conviction is an element of the crime.  This analysis remains viable regardless of the crime's penalty section.  The thrust of the Almendarez-Torres decision is that "prior convictions [are] sentencing factors rather than elements of federal criminal offenses."  <u>Ivery</u>, 427 F.3d at 73.  8 U.S.C. §1326 requires only that the government prove that the defendant is an alien who has been previously removed or deported and is then found within the United States without having received the requisite permission to return. [1]   Clearly, an admission by the Defendant is not a required element and the court is free to apply the enhancements of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Therefore, the government respectfully requests the court to determine the applicable advisory guideline range as that

---

[1]See Pattern Jury Instructions, First Circuit, Section 4.08. (Re-entry and Attempted Re-entry After Deportation, 8 U.S.C. § 1326).

which is set forth in the pre-sentence report using the prior conviction.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                           By: /s/Nadine Pellegrini
                               NADINE PELLEGRINI
                               Assistant U.S. Attorney

Date: January 18, 2006

### CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon Debra A. DelVecchio, Esq., by electronic mail.

                                /s/Nadine Pelegrini
                                NADINE PELLEGRINI
                                Assistant U.S. Attorney